# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**JERRAVONNIE L. JACKSON,**

 Petitioner,

v.             Case No. 5:17cv136-MCR/CAS

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,**

 Respondent.
_____/

## REPORT AND RECOMMENDATION

  On May 2, 2017, Petitioner Jerravonnie L. Jackson, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On December 12, 2017, Respondent filed an answer, with exhibits. ECF No. 14. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 13.

  The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition is untimely

and should be dismissed. See Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Jerravonnie L. Jackson indicates he challenges his conviction and sentence entered March 14, 1996, by the Fourteenth Judicial Circuit, Bay County, Florida, following a jury trial. ECF No. 1 at 1-2. He was convicted of possession of a firearm by a convicted felon, contrary to section 790.23, Florida Statutes, and sentenced to thirty (30) years in prison as a habitual felony offender. Ex. A at 72-77.[1] He raises two grounds in his § 2254 petition: (1) he was convicted of a non-existent crime, possession of a firearm by a convicted felon as section 790.23, Florida Statutes, has been held unconstitutionally vague, ECF No. 1 at 5, 19-23; and (2) the trial court erred by determining he qualified as a habitual felony offender, id. at 7, 24-26.

Respondent includes, in its answer, a detailed history of Jackson's state court post-conviction filings, which will not be repeated here. ECF No. 14 at 2-8. Respondent asserts Jackson's § 2254 petition is untimely as

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 14.

he did not file it within the one-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  ECF No. 14 at 9-10.  Respondent asserts Jackson's apparent attempt to assert an excuse for his late filing – "[d]ue to prison staff and transferring from institution to institution Petitioner had to obtain all legal documents," ECF No. 1 at 13 – should be rejected.  ECF No. 14 at 12.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  Id. § 2244(d)(1)(A).  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  Id. § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as Respondent explains, the state trial court entered Jackson's judgment of conviction and sentence on March 14, 1996.  Ex. A at 72-77.  Jackson filed a direct appeal and, on June 10, 1997, the First

District Court of Appeal (First DCA) affirmed his case per curiam without a written opinion in case number 1D96-1073. Ex. J; Jackson v. State, 696 So. 2d 344 (Fla. 1st DCA 1997) (table). Pursuant to U.S. Supreme Court Rule 13.3, Jackson then had ninety (90) days to seek certiorari review in the U.S. Supreme Court, which he did not do. Accordingly, his conviction and sentence became final for federal habeas purposes on Monday, September 8, 1997. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Jackson had one year thereafter, or until September 8, 1998, to file his federal habeas petition, absent tolling activity. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Jackson filed a Rule 3.800(a) motion in state court on November 17, 1997, which stopped the AEDPA clock at 69 days. *See* Ex. L. The clock restarted on August 18, 1998, when the First DCA issued its mandate in the appeal affirming the denial of Jackson's Rule 3.800(a) motion. *See* Ex. N; *see also, e.g.*, Lawrence v. Florida, 549 U.S. 327, 330-31 (2007); Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000). Jackson filed a Rule

3.850 motion in state court on June 24, 1999. Ex. O at 122-42, 175. At that point, however, the AEDPA time had already expired. Specifically, after restarting on August 18, 1998, it ran for another 296 days until it expired on June 10, 1999. Anything Jackson filed after June 10, 1999, could not toll the AEDPA limitations period as no time remained in that period. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). As a result, Jackson's § 2254 petition filed May 2, 2017, is untimely under § 2244(d)(1)(A).

Nor does anything suggest Jackson's petition is timely under §§ 2244(d)(1)(B), (C), or (D).[2] Indeed, as Respondent points out, even assuming the First DCA's decision in Weeks v. State, 146 So. 3d 81 (Fla.

---

[2] Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

1st DCA 2014),³ issued August 26, 2014, could trigger the commencement date for the AEDPA limitations period, Jackson's § 2254 petition is still untimely.  Jackson had filed a Rule 3.800(a) motion on August 25, 2014, Ex. RR at 1-7, and those state post-conviction proceedings concluded when the First DCA issued the mandate in Jackson's appeal from the denial of that motion, on February 24, 2015, Ex. VV.  Jackson did not file anything for over a year thereafter, when he filed a Rule 3.850 motion in state court on March 13, 2016, Ex. WW, which was summarily denied by order on April 26, 2016, Ex. XX, and Jackson did not appeal.

      Moreover, as Respondent also points out, Petitioner Jackson appears to acknowledge his filing is untimely as he explains in the petition, on the subject of timeliness, "Due to prison staff and transferring from institution to institution Petitioner had to obtain all legal documents."  ECF No. 1 at 13.  To the extent Jackson thus makes an argument for equitable tolling, such

---

³ In Weeks, the First District Court of Appeal held section 790.23, which prohibits convicted felons from possessing "any firearm," unconstitutionally vague as to replicas of antique firearms.  146 So. 3d at 82, 85.  The Florida Supreme Court subsequently approved the First District's reversal of Weeks' conviction for possession of a firearm by a convicted felon and vacatur of his sentence, but not its conclusion that the statute is unconstitutionally vague.  State v. Weeks, 202 So. 3d 1, 3 (Fla. 2016).  In particular, the Florida Supreme Court held that "a 'replica' of an 'antique firearm' under the statutory definition is reasonably construed as emphasizing the type of firing system of the replica antique firearm as its distinctive feature," and, accordingly, "Weeks was entitled to the statutory exception of the felon-in-possession statute because his firearm was a permissible 'replica' of an 'antique firearm' under section 790.23 as defined in section 790.001(1)."  Id. at 9-10.

should be rejected. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of showing that equitable tolling is warranted" and "[c]onclusory allegations may be insufficient to support a claim that equitable tolling is appropriate." Paulcin v. McDonough, 259 F. App'x 211, 212 (11th Cir. 2007).

Petitioner Jackson has not met his burden of showing equitable tolling is warranted. The Eleventh Circuit has held that "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." Paulcin, 259 F. App'x at 213 (citing Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004)); see Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009); Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000). Notably, Jackson's transfers have not hindered his filing of state court motions, as detailed by Respondent. See ECF No. 14 at 3-8; see also Paulcin, 259 F. App'x at 213 (noting petitioner's ability to appeal of denial of Rule 3.850 motion during time he allegedly had no access to his

records or law library "belies the allegation that he was prevented from pursuing legal redress" after transfer without his legal papers).

## Concluson

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to

whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (ECF No. 1) be **DISMISSED as untimely**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 31, 2018.

                                        **S/  Charles A. Stampelos**
                                        **CHARLES A. STAMPELOS**
                                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.